UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LISSET INFANTE and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

CONCEPT HEALTH SYSTEMS INC. and EDWARD MCGOWAN,

    Defendants.

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3) AND 29 U.S.C. 216(B)**

Plaintiff, LISSET INFANTE, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, CONCEPT HEALTH SYSTEMS INC. and EDWARD MCGOWAN, jointly and severally, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant CONCEPT HEALTH SYSTEMS INC., is a company that regularly transacts business within the Southern District of Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant EDWARD MCGOWAN is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for

the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a program therapist from on or about July 22, 2019 through to May 2021. Included in her job duties were providing individual and group therapy, counseling services and other behavioral health interventions all under <u>direct supervision of a qualified supervisor.</u> Plaintiff was unable to make independent diagnosis, complete or sign off on "Baker Acts" amongst other things. Plaintiff is licensed as a

Registered Mental Health Counselor <u>Intern</u> as opposed to a Licensed Mental Health Counselor which would require no supervision at all. As an intern or "RMHCI", Plaintiff's work was predominantly routine in nature and involved little to no discretion related to meaningful decisions for the "therapy" Plaintiff rendered while employed by Defendants.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to her by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2019 and 2020.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2021 and is expected to exceed $500,000 for the year 2021.

14. Between the period of on or about July 22, 2019 through to on or about December 31, 2019, Plaintiff worked an average of 50 hours a week for Defendants and was paid $20.19 per hour for 40 hours per week only according to the paystubs/paychecks Plaintiff received. Plaintiff was never paid for her hours worked in excess of 40 per week as required by the Fair Labor Standards Act and therefore Plaintiff claims the time and a half-time overtime rate for each hour worked above 40 in a week.

15. Between the period of on or about January 1, 2020 through to on or about December 31, 2020, Plaintiff worked an average of 45 hours a week for Defendants and was paid $20.19 per hour for 40 hours per week only according to the paystubs/paychecks Plaintiff received. Plaintiff was never paid for her hours worked in excess of 40 per week as required by the Fair Labor Standards Act and therefore Plaintiff claims the time and a half-time overtime rate for each hour worked above 40 in a week.

16. Between the period of on or about January 1, 2021 through to on or about April 7, 2021, Plaintiff worked an average of 42 hours a week for Defendants and was paid $20.19 per hour for 40 hours per week only according to the paystubs/paychecks Plaintiff received. Plaintiff was never paid for her hours worked in excess of 40 per week as required by the Fair Labor Standards Act and therefore Plaintiff claims the time and a half-time overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants

for the time period specified above.

**Wherefore**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AND 29 U.S.C. 216(B)

18. Plaintiff, by and through undersigned counsel, re-adopts Paragraphs 1-17 above and further states the following.

19. On May 3, 3021, the undersigned reached out to Defendant's in house counsel regarding resolution to Plaintiff's FLSA wage claim and emailed a draft FLSA overtime complaint to counsel for Defendants at that time.

20. Thereafter, on May 19, 2021, Plaintiff was terminated by Defendants.

21. The harassment and/or termination of the Plaintiff as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) because the motivating factor for said termination was Plaintiff's demand for her legally mandated overtime wages and, as a result, Plaintiff has been damaged.

**Wherefore**, the Plaintiff requests judgment against the Defendants, jointly and severally, for attorney's fees, costs and liquidated damages, emotional distress and humiliation and pain and suffering, back wages, as well as all other damages recoverable by law 29 U.S.C. 216(B) and U.S.C. 215 (A)(3). *Plaintiff requests a trial by Jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121